IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        Criminal Action Nos. 5:12CR29-01-02
                                                                  (STAMP)
JOSE JESUS TAPIA MONTES
and ELMER PINA RAMIREZ,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR USE OF SUPPLEMENTAL
PRETRIAL JURY QUESTIONNAIRES**

I.   Background

The defendants in the above-styled criminal action have been charged under a superseding indictment entered by a federal grand jury in this district with five felony counts relating to activities in which the defendants allegedly engaged relating to alleged victim B.R. on or about the time between July 7, 2012 and July 11, 2012. Count One of the superseding indictment charges the defendants with conspiracy to coerce and entice travel in interstate commerce to engage in illegal sexual activity and to transport in interstate commerce with intent to engage in illegal sexual activity, in violation of 18 U.S.C. § 371. Counts Two and Three charge the defendants with aiding and abetting in the transportation of an individual in interstate commerce with intent to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2 and 2421, and aiding and abetting in the coercion and enticement of an individual to travel in interstate commerce to

engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2 and 2422(a). Count Four alleges that the defendants engaged in a kidnaping conspiracy in violation of 18 U.S.C. § 1201(a)(1) and (c), and Count Five charges the defendants with aiding and abetting in kidnaping in violation of 18 U.S.C. §§ 2 and 1201(a)(1). The defendants' trial relating to these charges is scheduled to commence on April 23, 2013.

In preparation for trial, the defendants have filed a number of motions. Currently pending before this Court is the defendants' motion for use of supplemental pretrial jury questionnaires.[1] In support of this motion, the defendants argue that this criminal action implicates sensitive issues pertaining to sex, interracial sexual relations between Hispanic males and a Caucasian female, the race and alienage of the defendants, and the purported sexual exploitation of a mentally challenged female by two middle aged adult males. Accordingly, the defendants say, it is necessary in order for the defendants to receive a fair trial, to ensure that the members of the jury are free from biases, prejudices, or preconceptions which may render them unable to fairly judge the

---

[1] Initially, only defendant Pina Ramirez filed this motion. However, at the pretrial motions hearing in this case, defendant Tapia Montes made an oral motion requesting leave to join in defendant Pina Ramirez's motion for use of supplemental pretrial jury questionnaires. This oral motion was confirmed by written motion filed with the Court shortly thereafter. Magistrate Judge James E. Seibert granted defendant Tapia Montes's motion to join in defendant Pina Ramirez's motion. As the United States has not objected to the magistrate judge's actions in this regard, this Court assumes that the motion for use of a supplemental pretrial jury questionnaire is made by both defendants. See 28 U.S.C. § 636(b)(1)(A).

defendants.  The defendants further assert that the sensitive nature of a number of the issues present in this case and relevant to ensuring the empaneling of an unbiased jury, make it necessary to allow jurors to respond to certain questions privately and prior to the voir dire process.  The defendants have filed along with their motion the jury questionnaire which they seek to utilize.

The United States responded in opposition to this motion.  In its response, the government argues that the issues and concerns presented by the defendants can be adequately addressed in the traditional voir dire process, making a questionnaire unnecessary.  Additionally, the United States argues that of the questions submitted as the defendants' proposed questionnaire, many are not specifically tailored to the facts of this case, and even the ones that are, are largely repetitive or irrelevant.  The few non-repetitive and relevant questions remaining can and likely will be asked during voir dire.  The defendants' reply argues that the United States has failed to address the defendants' arguments as to the reasons why a questionnaire is necessary, and has also failed to rebut the defendants' arguments relating to why a questionnaire is a superior method of discovering needed information in this case.

After review of the filings relating to this motion, the superseding indictment in this case, as well as the proposed jury questionnaire submitted by the defendants, this Court finds that a supplemental jury questionnaire is unnecessary.  Accordingly, the

defendants' motion for use of a supplemental pretrial jury questionnaire will be denied.

## II. Applicable Law

Federal Rule of Criminal Procedure 24 provides the procedure for empaneling a jury in a federal criminal trial. Federal Rule of Criminal Procedure 24(a) states: "(1) In General. The court may examine prospective jurors or may permit the attorneys for the parties to do so. (2) Court Examination. If the court examines the jurors, it must permit the attorneys for the parties to: (A) ask further questions that the court considers proper; or (B) submit further questions that the court may ask if it considers them proper." Under this Rule, district courts have broad discretion relating to voir dire, so long as the questions presented by the trial court ensure that the defendants have "a fair trial by a panel of impartial, 'indifferent' jurors." Irvin v. Dowd, 366 U.S. 717, 722 (1960); see also Mu'Min v. Virginia, 500 U.S. 415, 422 (1991). In order to determine jury impartiality, "'the Constitution lays down no particular tests and procedure is not chained to any ancient or artificial formula.' Jury selection is 'particularly within the province of the trial judge.'" Skilling v. United States, 130 S. Ct. 2896, 2917 (2010) (internal citations omitted).

## III. Discussion

The defendants have presented this Court with a proposed jury questionnaire which contains 56 questions, many of which also contain sub-parts. Of these 56 questions, a large number deal with

4

basic inquiries regarding potential jurors' backgrounds and ability to serve on a jury, as well as their prior knowledge of the facts of the case and knowledge of or experience with the law and the criminal justice system generally. These questions seek to uncover potential biases which may stem from this previously acquired knowledge or experience. Other questions ask about possible familiarity or relationships with those involved with the case. Still other proposed questions seek to uncover whether or not potential jurors may be biased for or against criminal defendants or law enforcement generally, and whether or not they could follow jury instructions on the law regardless of their personal opinions regarding that law. All of these questions, which total 39 of the 56 total questions contained in the proposed questionnaire, either mirror exactly or very closely resemble the form of voir dire questions that this Court often asks in empaneling a jury in every criminal case over which it presides. This point is recognized and noted by the United States. This Court does not believe that any of these questions are of the type that cannot be appropriately presented through in-person voir dire, as it traditionally handles these type of questions in this manner.

However, the crux of the defendants' motion lies in the remaining 17 questions, which deal with potential jurors' opinions and experiences regarding racial issues, with mental retardation and with sexual assault, and with the defendants' difficulties with the English language. As noted above, the defendants believe that the use of a supplemental juror questionnaire relating to these

5

questions is prudent and necessary because it is more likely to produce honest, candid responses from potential jurors than in-person voir dire. The defendants argue that sensitive, potentially unpopular issues such as opinions on racial issues, sexual assault, and mental retardation are less likely to be revealed in the presence of other potential jurors, and that the social pressure and discomfort which can result from public discussion of such issues is likely to cause potential jurors to refrain from answering truthfully.

In response, the United States does not argue against the presentation of any of the 17 questions which are the focus of this motion to the potential jury generally,[2] but rather argues that the means of presenting them through jury questionnaire is unnecessary. The United States asserts that all of the questions included in the proposed questionnaire can be asked during the traditional voir dire process, and that any of the defendants' concerns regarding candor could be addressed by allowing jurors who are uncomfortable publically answering any question to approach the bench and discuss their answer to that question privately with the Court, counsel, and defendants.

After review of the filings, this Court believes that a supplemental jury questionnaire is not necessary in this case. This Court certainly recognizes that some of the issues relevant to

---

[2]The United States does argue that a number of these questions are repetitive or irrelevant, but it does not take issue with the appropriateness of the subject of any specific question included in the questionnaire.

ensuring the empaneling of an impartial jury may be considered uncomfortable or sensitive in nature. However, this Court disagrees with the defendants that the use of a jury questionnaire will result in greater candor by potential jurors in responding to such inquiries. The defendants assert that social and privacy concerns relating to these more sensitive questions will likely result in jurors being less forthcoming in the conventional, open voir dire process. However, the juror questionnaire provided by the defendants asks the jurors to place their name, age, sex, race and address on the questionnaire, and asks direct and personal questions that would be shared with the parties and with this Court, making their responses less-than anonymous or totally private. As such, careful crafting of voir dire questions, as well as affording potential jurors the opportunity to answer more sensitive questions privately with only the Court, the parties, and counsel present, provides the same level of privacy as a questionnaire, and adequately addresses the defendants' concerns.

Further, it is the position of this Court that the process of in-person voir dire is an important and necessary one in this case, as it is in all cases. It is well recognized that the process of in-person voir dire affords those present an ability to assess impartiality through "the prospective juror's inflection, sincerity, demeanor, candor, body language, and apprehension of duty," which assessment cannot be matched through reliance upon a written record. <u>Skilling</u>, 130 S. Ct. at 2918. This in-person voir dire process "affords the trial court a more intimate and immediate

7

basis for assessing the venire member's fitness for jury service." Id. As such, this Court believes that, not only can any concern regarding candor of potential jurors be adequately addressed in a traditional voir dire process, but also that the use of a written questionnaire may actually impair this Court and the parties' ability to assess potential jurors' fitness to serve on the jury in this case. The defendants' motion for use of supplemental pretrial jury questionnaires is thus denied.

## IV. Conclusion

For the reasons set forth above, the defendants' motion for use of supplemental pretrial jury questionnaires (ECF Nos. 55 and 63) is DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the defendants and to counsel of record herein.

DATED: April 3, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE